E-FILED
Friday, 09 October, 2020  04:03:42 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

**FILED**

UNITED STATES OF AMERICA,
            Plaintiff,

OCT - 2 2020

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

v.                                                          Case No. 2:16-cr-20051-SD

WILLIAM GRAMIGNA,
            Defendant.
_____/

## MOTION FOR REDUCTION IN SENTENCE

NOW COMES, William Gramigna, proceeding pro se Defendant, moving this Court

pursuant to 18 U.S.C. 3582 (c) (1) (A) (i), respectfully requesting that this Court GRANT

Gramigna's Reduction in Sentence based upon the foregoing:

### Statement of Facts

On July 06, 2016, Defendant Gramigna was indicted and plead guilty to Conspiracy

To Manufacture A Controlled Substance as to Count One. On July 14, 2017, Defendant

Gramigna was sentenced to 240 months of imprisonment followed by 10-years of Supe-

rvised Release. No appeals were taken and this is the first legal motion filed by Mr.

Gramigna since he was sentenced several years ago.

### Jurisdiction

Defendant Gramigna, asserts that the First Step Act of 2018 amended 18 U.S.C.

3582 (c) (1) (A)  allow district courts modify sentences of imprisonment upon

motion by the defendant if "the defendant has fully exhausted all administrative

rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

behalf or 30 days from the receipt of such request by the warden of the defendant's

facility, whichever is earlier…." Section 603 (b), 132 Stat. 5194, 5239 (codified at 18

U.S.C. 3582 (c) (1) (A)). See United States v. Alam, No. 20-1298, 2020 WL 2845694

(6th Cir. June 2, 2020). In the instant case, Mr. Gramigna filed Initial Request to FCI-

Milan Warden Jonathan Hemingway on June 08, 2020, see Exhbit A (A copy of

Initial Request for Reduction in Sentence to FCI-Milan Warden Hemingway dated

June 08, 2020). Thus, Defendant Gramigna, states that consistent with a recent Sixth

Circuit Ruling in Alam, therefore as the result of more than 30 days elapsed since

FCI-Milan Warden Hemingway was in receipt of his ("RIS") with no Response until

July 22, 2020, see Exhibit B (A copy of FCI-Milan Warden Hemingway's Denial of

Reduction in Sentence dated July 22, 2020), this Court has jurisdiction over Gramigna's

("RIS"), in the matter herein. (emphasis added).

Discussion

Under 3582 (c) (1) (A), this Honorable Court "may reduce the term of imprisonment"

if there are "extraordinary and compelling reasons" to do so. In the instant case, Defenda-

nt Gramigna, asserts that he received a 240-months of imprisonment, based largely on the

pre-FSA approach of the statutory enhancement pursuant to 21 U.S.C. 841 (b) (1) (A),

in which doubled his 10-year mandatory minimum to a 20-year mandatory minimum

based upon his Illinois prior drug conviction. The FSA changed the mandatory Life

penalty to 25 years of imprisonment and the 20-year mandatory minimum penalty to 15 years of imprisonment. It also changed the conditions under which they apply by setting a 15-year statute of limitations period for utilization of prior drug convictions; and requires the defendant served a term of imprisonment of MORE THAN 12 MONTHS, see Exhibit C (A copy of the U.S. Sentencing Commission ESP Insider Express Special Edition dated February 2019, at page 1, 2, and 3). (emphasis added).

On July 30, 2015, the Sixth Judicial Circuit Court sentenced William E. Gramigna to 48 months of Probation for Unlawful Participation In Methamphetamine Manufacturing, see Exhibit D (A copy Gramigna's Sixth Judicial Circuit Probation Order conditions dated July 30, 2015).

Defendant Gramigna, contends that several federal courts have held that sentencing disparities created by criminal law reforms can be considered as part of a compassionate release/ reduction in sentence motion. See Brown, 2020 WL 2091802, at * 8 (holding changes to mandatory minimum sentence calculations for violations of 18 U.S.C. 924 (c) constitute one of several extraordinary and compelling reasons); United States v. McPherson, No. 94-cr-5708-RJB, 2020 WL 1862596, at * 5 (W.D. Wash. Apr. 14, 2020) ("It is extraordinary that a civilized society can allow this to happen to someone who, by all accounts, has long since learned his lesson."); Wade, 2020 WL 1864906, at * 4; United States v. Maumau, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at * 5 (D. Utah Feb. 18, 2020) (considering 924 (c) amendments and granting Reduction in Sentence to Maumau on that basis). In some cases, the government appears to have accepted these decisions, see United States v. Urkevich, No. 8:03-cr-37, 2019 WL 6037391, at * 4 (D. Neb. Nov. 14, 2019) ("A reduction in his sentence is warranted

by extraordinary and compelling reasons, specifically the injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the crimes committed."), appeal dismissed following government request, No. 20-1603 (8th Cir. Apr. 1, 2020). Thus, Defendant Gramigna, states that a few federal cases right on point with his case, see United States v. Cantu-Rivera, 2019 WL 2578272, at * 1 (S.D. Tex. June 24, 2019) (Granting Compassionate Release for Defendant Cantu-Rivera in large part due to the change in law under the FSA via Section 401 in which was not rendered retroactive as he was serving a mandatory life of imprisonment, thus reducing to "time served"); United States v. Ennis, No. 02-cr-1430-PRM-1 (W.D. Tex. May 14, 2020) (Granting Reduction in Sentence in large part based in large part due to the change in law under the FSA via Section 401 in which was not rendered retroactive as he was serving a mandatory life of imprisonment, thus reducing to "time served"); and United States v. Stephenson, No. 3:05-cr-00511-RWP (S.D. IA., May 21, 2020) (Granted Compassionate Release in light of Section 401 change in which was not rendered retroactive, however Stephenson's 20-year mandatory minimum if sentenced TODAY would be substantially lowered coupled with his post-sentencing rehabilitation efforts justified REDUCING his federal sentence to "time served"). (bold emphasis added).

Defendant Gramigna, argues firmly that the federal courts quoted above herein have all found "extraordinary and compelling reasons" to justify GRANTING Reduction in Sentence/ Compassionate Release, thus William E. Gramigna qualifies for consideration for Reduction in Sentence in the matter herein.

Evaluation of the 3553 (a) Factors

Defendant Gramigna, asserts that the Supreme Court specifically noted that "evidence of post-sentencing rehabilitation efforts may be highly relevant to several of the 3553 (a) factors," including deterrence, community safety, and treatment, see Pepper, 131 S. ct. at 1242. "Post-sentencing rehabilitation efforts may also critically inform a sentencing judge's overarching duty under 3553 (a) to "impose a sentence sufficient, but not greater than necessary" to comply with the sentencing purposes set forth in 3553 (a) (2), see Pepper, 131 S. Ct. at 1242-43. Therefore, Defendant Gramigna, contends that controlling law directs this Court to give substantial weight to his post-rehabilitation efforts in the consideration of the 3553 (a) factors when adjudicating the merits of his Reduction in Sentence, see United States v. Cantu-Rivera, No. H-89-cr-204-SL (S.D. TX., June 24, 2019) (Granting Compassionate Release in light of medical conditions and changes in law in Section 401 of the First Step Act fo 2018, in combination with his meritorious post-sentencing rehabilitation efforts, see page 4 foot note 2). (bold emphasis added).

In the instant case, Defendant Gramigna, contends that he has maintained clear conduct because he is a Model Inmate he is housed in the HONOR Unit at FCI-Milan; receives Excellent Work Evaluations; maintains strong Family Ties; has a LOW RISK of recidivating and has completed a few ACE Classes, see Exhibit **E** (A copy of Educational Data Sheet dated July 22, 2020). Defendant Gramigna, states that he has maintained a steady inmate Job at FCI-Milan Unicor and his Release Plans consistent of living with his Grandmother seeking Employment in a field he has experience in Factory work and regaining family ties with his children upon his release. Defendant Gramigna, asserts that his Grandparents will assist him with his reentry and he has

saved several thousand dollars from working in FCI-Milan Unicor, thus upon his release he will be a positive and productive member of society. (emphasis added).

In the case herein, Defendant Gramigna, argues firmly that the relevant 3553 (a) factors weigh in favor of GRANTING his Reduction in Sentence ("RIS"), thus reducing William E. Gramigna's 240-month federal sentence to 120-months of imprisonment as if sentenced TODAY, see United States v. Stephenson, No. 3:05-cr-00511-RWP (S.D. IA., May 21, 2020) (Here, Defendant may be out of prison if the law was in 2006 what is now. Back then, Defendant faced a twenty-year mandatory minimum under 841 (b) (1) (A) because he committed his offense with a prior drug conviction. ECF No. 166, 105-06. However, Congress has since reduced the mandatory minimum for violating the same statute with a prior drug conviction to fifteen years. See 841 (b) (1) (A). Defendant has been in custody since February 2005, more than fifteen years ago, and federal inmates-especially those with rehabilitative records like Defendant's- often transition out of prison during their last year. See ECF No. 20. The Court is sensitive to the fact that retroactivity for sentencing calculations generally is the Legislature's province. But Congress already has shown how factors that cannot be an "extraordinary or compelling reason" alone can still be considered with other factors. See Section 994 (t). Thus, the Court can still consider the resulting sentencing disparity as part of a motion for compassionate release. And if this is so, it is hard to argue that unfairness of keeping a man in prison for years more than if he had committed the same crime today is neither extraordinary nor compelling. This, too, cuts in favor of a sentence reduction under Section 3582 (c). The Court concluded as: "Considering these factors in combination with the extraordinary and compelling reasons discussed above,

the Court grants Defendant's motion for compassionate release." REDUCED federal sentence to "time served."). (bold emphasis added).

CONCLUSION

In conclusion, Defendant Gramigna, concludes that this Honorable Court should GRANT  William E. Gramigna Reduction in Sentence ("RIS"), thus REDUCING his 240-month federal sentence to 120-months of imprisonment as which would have been imposed if sentenced TODAY in the matter herein. (emphasis added).

Date: 9 / 25 / 20

Respectfully Submitted,

Willi E ~~~

Mr. William E. Gramigna
#21702-026
FCI-Milan
P.O. Box 1000
Milan, MI. 48160-0190

Certificate of Service

I, William Gramigna, certify that on _September 25_, 2020, I mailed by First Class

U.S. Mail the original copy of my pro se Motion for Reduction of Sentence to this

Honorable Court and one copy to the opposing party listed below herein:


AUSA _ Bryan D. Freres
U.S. Attorney's Office
201 S. Vine Street
Ste. # 226
Urbana, IL. 61802


Date: _9 / 25 / 20_                              /s/ _Willi E ⁓_
                                                 Mr. William Gramigna
                                                 Pro Se Defendant

**FILED**

To: Clerk of the Court

OCT − **2** 2020

RE: USA v. William Gramigna, No.
2:16-cr-20051-SD

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Dear Clerk of the Court,

My name is Mr. William Gramigna #21702-026 and I am currently incarcerated at

FCI-Milan in Milan, Michigan.

I respectfully request that you please find enclosed my Pro Se Motion for Reduction

in Sentence ("RIS"), please file in the above-captioned case Clerk of the Court ?

Thank you.

Sincerely,

Date: 9 / 25 / 20

Willin E Hd

Mr. William Gramigna
#21702-026
FCI-Milan
P.O. Box 1000
Milan, MI. 48160-0190

EXHIBIT A (A copy of Initial Request for Reduction in Sentence to FCI-Milan Warden

Hemingway dated June 08, 2020).

From:        ^!"GRAMIGNA,  ^!WILLIAM III" <21702026@inmatemessage.com>
To:
Date:        6/8/2020 4:06 PM
Subject:     ***Request to Staff*** GRAMIGNA, WILLIAM, Reg# 21702026, MIL-H-B

To: M. Burnett, CMC
Inmate Work Assignment: UNICOR WH 1234

***ATTENTION***

Please cut and paste the message indicator below into the subject line; only this indicator can be in the subject line.
5a31165c-4f24-4946-b117-27f3f2c66417
Your response must come from the departmental mail box.  Responses from personal mailboxes WILL NOT be delivered to the inmate.

***Inmate Message Below***


I am requesting consideration for a reduction in sentence (RIS) and compassionate release pursuant to PS 5050.50.

In support of this request the following facts are being set forth:

1) If I was sentenced today, I would no longer be subjected to a 240 month mandatory-minimum sentence under 21 USC sec 841 (b) (1) (A).

With the enactment of sec 401 (a) (1) (57) (A) of the First Step Act 2018, due to the fact I successfully completed 48 months probation, with no term of imprisonment, it can no longer result in 21 sec 841 (b) (1) (A) Sentence Enhancement.  Therefore, instead of a 240 month sentence I would now receive a sentence of 120 months or less.

The courts have recently held this sentence disparity constitutes "extraordinary and compelling circumstances" allowing for an RIS.

See: US v Cantu, No. 1:05-cr-458, 2619 WL 2496923 (S.D. Tx June 17, 2019) and Cantu-RIvera No. 89-204 (S.D. Tx June 24, 2019).

2) Due the fact of the COVID-19 pandemic and the outbreak here at FCI Milan resulting so far in 3 inmate deaths, a large number of inmates in general population becoming infected, as well as a number of staff members places me at continued risk of contacting this life threatening disease being housed in a correctional setting.

If my request is granted I will reside with Jenai Thompson (Mother) 1139 N. College St., Decatur, IL 62522  (217 413 8904)

My Medical Insurance will be funded my my family members.

Thank you.

EXHIBIT B (A copy of FCI-Milan Warden Hemingway's Denial of Reduction in Sentence dated July 22, 2020).

RESPONSE TO REQUEST FOR REDUCTION IN SENTENCE          July 23, 2020
GRAMIGNA, William III                                                     H Unit
Reg. No: 21703-026                                                    RIS Request

Your request for Compassionate Release/Reduction in Sentence (RIS) has been reviewed pursuant to 18 U.S.C. 3582 (c)(1)(A).   We will not be pursuing a request for compassionate release in your case.

A review of your request reveals you have submitted a request for a reduction in sentence based on inmates with an extraordinary or compelling circumstances.

Program Statement 5050.50, states a request for a motion under 18 U.S.C. 4205(g) or 3582(c)(1)(A) shall be submitted to the Warden.   Ordinarily, the request shall be in writing, and submitted by the inmate.   An inmate may initiate a request when there are particularly extraordinary or compelling circumstances which could not be reasonably have been foreseen by the court at the time of sentencing.   You are making your request based on COVID-19 alone.

The Bureau of Prisons (BOP) is carefully monitoring the spread of the COVID-19 virus and taking extraordinary measures to contain it. As with any type of emergency situation, we carefully assess how to best ensure the safety of staff, inmates and the public.

RIS requests based on the COVID-19 virus alone do not meet the criteria outlined in the paragraph above. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting COVID-19 does not currently warrant an early release.   Further, sentencing disparity is not considered an extraordinary or compelling circumstance.

Accordingly, your Request for Reduction in Sentence is denied.   In the event you are not satisfied with this response and wish to appeal, you may contact your Unit Team to initiate an appeal in accordance with the Administrative Remedy Program.   Please note, this appeal process begins with a BP-9 (Warden level).

I trust this addresses your concerns.


_____          7/22/20
Jonathan Hemingway, Warden                Date

EXHIBIT C (A copy of the U.S. Sentencing Commission ESP Insider Express Special Edition dated February 2019, at page 1, 2, and 3).

United States Sentencing Commission | Office of Education & Sentencing Practice

# ESP INSIDER EXPRESS

## SPECIAL EDITION

February 2019

First Step Act

One Columbus Circle, NE
Suite 2-500, Washington,
DC 20002

Ph: (202) 502-4500
Helpline: (202) 502-4545
Em: training@ussc.gov
Twitter: @theUSSCgov

## First Step Act

### Signed Into Law on December 21st, 2018

The First Step Act (P.L. 115-391) was signed into law by the President on December 21, 2018. The Act deals mostly with reentry of the incarcerated, directing the Federal Bureau of Prisons to take specific actions regarding programming, good-time credit, and compassionate release, among other issues. The Act does not contain any directives to the Commission.

Related to its sentencing reform provisions (Title IV), the Act makes important changes to mandatory minimum penalties and to the safety valve provision (a provision that allows courts to sentence a defendant without regard to the mandatory minimum). Specifically, in relation to Title IV, the Act:

- reduces certain enhanced mandatory minimum penalties for some drug offenders (Section 401);

- broadens the existing safety valve at 18 U.S.C. § 3553(f), increasing the number of offenders eligible for relief from mandatory minimum penalties (Section 402);

- reduces the severity of the "stacking" of multiple § 924(c) offenses (Section 403); and

- applies retroactively the Fair Sentencing Act of 2010 which reduced mandatory minimum penalties for crack cocaine offenses (Section 404).

### Featured:

**OVERVIEW OF THE FIRST STEP ACT**
Summary...........Pg. 1

**PENALTY CHANGES**
Reduced Man. Min.
Penalties...............Pg. 2

**SAFETY VALVE**
Broadening of this
Provision............Pg. 3

**Q&A**
Most Frequently
Asked Questions..Pg. 5

| First Step Act Provisions | |
|---|---|
| Title I | Recidivism Reduction |
| Title II | Lieutenant Osvaldo Albarati Correctional Officer Self-Protection Act of 2018 |
| Title III | Restraints on Pregnant Prisoners Prohibited |
| Title IV | Sentencing Reform |
| Title V | Second Chance Act of 2007 Reauthorized |
| Title VI | Miscellaneous (includes recidivism reduction, reentry programming, prison conditions, treatment for opioid and heroin abuse, and more) |



Page

## Changes to Drug Mandatory Minimum Penalties
### Section 401

**DRUG OFFENSES**
The First Step Act made changes to both the length of certain mandatory minimum penalties and the types of prior offenses that can trigger enhanced penalties.

| Statutory Provision | Statutory Penalty | Enhanced Penalty BEFORE First Step Act | Enhanced Penalty AFTER First Step Act |
|---|---|---|---|
| 21 U.S.C. § 841(b)(1)(A) | 10-year Mandatory Minimum | 20-year Mandatory Minimum (after one prior conviction for a felony drug offense) | 15-year Mandatory Minimum (after one prior conviction for a serious drug felony or serious violent felony) |
| | | Life (after two or more prior convictions for a felony drug offense) | 25-year Mandatory Minimum (after two or more prior convictions for a serious drug felony or serious violent felony) |
| 21 U.S.C. § 841(b)(1)(B) | 5-year Mandatory Minimum | 10-year Mandatory Minimum (after one prior conviction for a felony drug offense) | 10-year Mandatory Minimum (after one prior conviction for a serious drug felony or serious violent felony) |
| 21 U.S.C. § 960(b)(1) | 10-year Mandatory Minimum | 20-year Mandatory Minimum (after one prior conviction for a felony drug offense) | 15-year Mandatory Minimum (after one prior conviction for a serious drug felony or serious violent felony) |
| 21 U.S.C. § 960(b)(2) | 5-year Mandatory Minimum | 10-year Mandatory Minimum (after one prior conviction for a felony drug offense) | 10-year Mandatory Minimum (after one prior conviction for a serious drug felony or serious violent felony) |

Note that §§841(b)(1)(C) and (D) were NOT amended.

## Mandatory Minimum Penalties
### Changes to § 851 Enhancements for Repeat Offenders

The First Step Act not only reduced the mandatory minimum penalties, but also changed the conditions under which they apply.

Higher mandatory minimum penalties apply if the defendant has a prior conviction for a "serious drug felony" or for a "serious violent felony" and the prosecution files a notice of enhancement under 21 U.S.C. § 851. The First Step Act not only reduced the mandatory minimum penalties, but also changed the conditions under which they apply. The defendant's prior convictions must meet the new definitions of "serious drug felony" or "serious violent felony." The defendant must have served a term of imprisonment of more than 12 months on the prior offense and must have been released within 15 years of the current federal offense. In addition, for any "serious drug felony" or a "serious violent felony" based on 18 U.S.C. § 3559(c)(2), the offense must have been punishable by a term of imprisonment of 10 years or more.

United States Sentencing Commission | Office of Education & Sentencing Practice

# "Serious Drug Felony"  & "Serious Violent Felony"

An offense prohibited by 18 U.S.C. § 924(e)(2)(A) for which the defendant served a term of imprisonment of more than 12 months and was released from any term of imprisonment within 15 years of the instant offense.   Section 924(e)(2)(A) defines "serious drug felony" as an offense under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*), Chapter 705 of Title 46 (Maritime Law Enforcement) or under state law, involving manufacturing, distributing, or possessing with intent to distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), for which a maximum term of imprisonment is ten years or more.

An offense for which the defendant served a term of imprisonment of more than 12 months that is either a violation of 18 U.S.C. § 3559(c)(2) or 18 U.S.C. § 113 (assaults within maritime or territorial jurisdiction), if the offense was committed in the maritime or territorial jurisdiction of the United States.   Section 3559(c)(2)(F) defines "serious violent felony" as enumerated offenses such as murder, certain sex offenses, kidnapping, extortion, arson, and certain firearms offenses, among others, or as any offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense" and is punishable by a maximum term of imprisonment of ten years or more.

**Effective date of these changes:** The Act provides that these changes shall apply to any offense that was committed before the date of enactment of the Act if a sentence for the offense has not been imposed as of such date of enactment [December 21, 2018].

# Safety Valve
## Section 402

**NOTE**

The new statutory safety valve provision applies to crimes under Title 46 (Maritime Offenses).

### Old Limitation

(1) The defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of §4A1.3 (Departures Based on Inadequacy of Criminal History category);

. . .

Note that this limitation still exists in §5C1.2.

### New Limitation

(1) The defendant does not have:
   (A) more than four criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
   (B) a prior 3-point offense, as determined under the sentencing guidelines; and
   (C) a prior 2-point violent offense, as determined under the sentencing guidelines;

Definition of Violent Offense: As used in this section, the term "violent offense" means a crime of violence, as defined in [18 U.S.C.] section 16, that is punishable by imprisonment.

**Effective date of these changes:** The amendments made by this section shall apply only to a conviction entered on or after the date of enactment of this Act.

EXHIBIT D (A copy Gramigna's Sixth Judicial Circuit Probation Order conditions
Dated July 30, 2015).

FILED

JUL 3 0 2015

LOIS A. DURBIN
CIRCUIT CLERK

CIRCUIT COURT OF ILLINOIS
SIXTH JUDICIAL CIRCUIT
MACON COUNTY

THE PEOPLE OF THE
STATE OF ILLINOIS
VS.

OFFENSE(S) _Unlawful Participation_
_In Methamphetamine_
_Manufacturing_

William E. Gramigna

CASE NO. _15 CF 275_

## CERTIFICATE OF CONDITIONS

Now on the _30th_ day of _July_, 20_15_, it is hereby ordered that the Defendant be sentenced to

☑ Probation  ☐ Conditional Discharge  ☐ Court Supervision
☐ First Offender Cannabis Probation (720 ILCS 550/10)
☐ First Offender Controlled Substance Probation (720 ILCS 570/410)

for a period of _48_ months, commencing this date, subject to the following conditions:

Appear on _____ at _____ in Courtroom_____ for the purpose of
reviewing compliance with this certificate of conditions.

Pay monies as follows to Macon County Circuit Clerk's Office:
☑ probation services fee $25.00 per month; however, after having determined the inability
  of the person sentenced to pay the fee, the Court assesses $_____ per month.
☐ restitution  $_____        ☐ fine $_____
☐ court costs as per statute _____   ☐ work release fee $_____
☐ street-value fine $_____         ☑ mandatory assessment $ _2000_
☑ laboratory fee $ _100_                   ☑ incarceration credit $ _130_
☐ DNA fee $250.00                          ☐ Public Defender Reimbursement$ _____

TO BE PAID IN EQUAL MONTHLY INSTALLMENTS. PAYMENT IN FULL DUE ON OR BEFORE_____

1. Not violate any criminal statute of any jurisdiction.
2. Report to attend and participate in any assessment, counseling, treatment, or educational programs as
   directed by the Court and/or the Probation Office.
3. Not Possess a firearm or other dangerous weapon.
4. Refrain from leaving the State without the consent of the Probation Office unless in circumstances of an
   emergency nature where prior consent by the Probation Office is not possible.
5. Permit the Probation Officer to visit your home or elsewhere, submit to searches of your person, residence,
   automobile, and/or effects at any time such requests are made by the Probation Officer and consent to the
   use of anything seized as evidence in a court proceeding.
6. Notify the Probation Office within 72 hours of any change in address or employment status. _W6_
                                                                                                INITIAL

7. Refrain from using cannabis and controlled substances; submit to random bodily fluid and/or breath testing as directed by the Probation Office; reimburse the Macon County Probation and Court Services Department for the cost of said testing payable to the Circuit Clerk of Macon County.

**Compliance is further ordered for the following additional conditions:**

☐ 8.  Work or pursue a course of study or vocational training as directed by the Probation Office.

☐ 9.  Perform _____ hours of Public Service Work as directed by the Probation Office.

☐ 10.  Serve a period of incarceration of _____ days in the Macon County Jail,  ☐with credit for _____ days heretofore served.  ☐ Work Release ordered.

☐ 11.  Serve a period of home confinement with approved monitoring device for _____days or until _____. Pay reimbursement to Macon County Circuit Clerk's Office for cost of said monitoring at a rate of $_____per day.

☐ 12.  Have no contact directly or indirectly with _____ and/or not go upon or around a property located at _____.

☑ 13.  **Undergo an evaluation for:**          **Complete:**

    ☑ Substance Abuse Treatment     ☐ D.U.I. Education        ☐ DNA Indexing

    ☐ Sex Offender Treatment        ☐ D.U.I. Treatment        ☐ T.A.S.C., Inc. program

    ☐ Mental Health Treatment       ☐ Victim Impact Panel     ☐ Other _____

as directed by the Probation Office, court-ordered program, and/or treatment program; comply with all rules and recommendations and sign any release of information form necessary to monitor compliance. File written proof of completion of any ordered evaluation and/or proof of successful completion of any recommended treatment at the Macon County Circuit Clerk's Office on or before _____.

☐ 14.  Undergo medical testing for sexually transmittable disease pursuant to 730 ILCS 5/5-5-3(g).

☐ 15.  Refrain from using alcohol.

☐ 16.  Cooperate with the Department of Children and Family Services.

☐ 17.  Register as a convicted sex offender pursuant to the Illinois Sex Offender Registration Act

☐ 18.  Probation is to be served on Sex Offender Probation under the additional conditions as provided by Court Services.

☑ 19.  Other: _Complete Inpatient Treatment at Woodridge Interventions_

**Conditions of transfer of Probation or Conditional Discharge to another state:**  a) make provisions for the payment of restitution, b) Pay $125 administrative fee to the Macon County Circuit Clerk, c) acceptance of transfer by receiving state pursuant to Interstate Commission of Ault Offender Supervision.

A violation of any of the above rules or conditions will subject you to further Court action which could result in: (a) extension of your sentence; (b) modification of the rules and/conditions; (c) the imposing of additional conditions; (d) being held in contempt of Court with imposition of sanction; or (e) revocation and sentencing on the charge(s) of which you were found guilty.

Date ___7·30·15___ ENTER _____, Judge

I hereby certify that I have read and received a copy of the above Order, understand same and agree to fully follow and comply with each and every condition thereof.

Date ___7-30-15___ SIGNED _William C_____, Defendant

**REPORT IMMEDIATELY OR UPON RELEASE FROM CUSTODY TO THE MACON COUNTY PROBATION AND COURT SERVICES DEPARTMENT AT 333 S. FRANKLIN ST., DECATUR, ILLINOIS.**

Court - White ▪ Probation - Canary ▪ State's Atty. - Pink ▪ Defendant – Gold          Revised 3/10

EXHIBIT E (A copy of Educational Data Sheet dated July 22, 2020).

```
   MILDB            *          INMATE EDUCATION DATA       *      07-22-2020
 PAGE 001 OF 001 *                  TRANSCRIPT             *      12:17:30

 REGISTER NO: 21702-026      NAME..: GRAMIGNA             FUNC: PRT
 FORMAT.....: TRANSCRIPT     RSP OF: MIL-MILAN FCI

 ------------------------- EDUCATION INFORMATION --------------------------
 FACL ASSIGNMENT DESCRIPTION              START DATE/TIME STOP DATE/TIME
 MIL  ESL HAS     ENGLISH PROFICIENT      09-06-2017 2015 CURRENT
 MIL  GED HAS     COMPLETED GED OR HS DIPLOMA 09-06-2017 2015 CURRENT


 --------------------------- EDUCATION COURSES ----------------------------
 SUB-FACL   DESCRIPTION                 START DATE  STOP DATE EVNT AC LV  HRS
 MIL        RPP3 PER FINANCIAL MANAGEMENT 10-17-2018 12-20-2018  P  C  P   10
 MIL        RPP2 EFFECTIVE COMMUNICATION  07-12-2018 09-12-2018  P  C  P   10
 MIL        RPP6 PARENTING PROGRAM        01-18-2018 03-23-2018  P  C  P   20




 G0000      TRANSACTION SUCCESSFULLY COMPLETED
```



William Gramigna III
21702-026
Federal Correctional Institution
P.O. Box 1000
Milan, Michigan 48160

Metroplex MI 480 ZIP
FRI 25 SEP 2020   AM

Clerk of the Court
218 U.S. Courthouse
201 S. Vine Street
Urbana, IL 61802
United States