UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:16-cr-20051-SLD-EIL-2 |
| | ) |
| WILLIAM GRAMIGNA, III, | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court are Defendant William Gramigna, III's pro se motion for compassionate release, ECF No. 102, counseled Amended Motion for Compassionate Release, ECF No. 105, and Motion for Leave to File Reply, ECF No. 110. For the reasons that follow, the motions for compassionate release are DENIED, and the motion for leave to file a reply is GRANTED.

BACKGROUND

On July 14, 2017, Defendant was sentenced to 240 months of imprisonment for conspiracy to manufacture methamphetamine. *See* Judgment 1–2, ECF No. 74; Indictment 1, ECF No. 1. He is currently serving his sentence at Federal Correctional Institute ("FCI") Milan in Milan, Michigan and is scheduled to be released on February 5, 2033. *See Find an inmate*, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (search for "William" with "Gramigna") (last visited Aug. 6, 2021). Defendant filed a pro se motion for an order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that a change in the statutory scheme he was sentenced under constitutes an extraordinary and compelling reason for release. Mot. Compassionate Release 2–4. The Court appointed the Federal Public Defender to represent Defendant with respect to this motion. *See* Oct. 9, 2020 Text Order. An amended motion arguing that the COVID-19 pandemic, changes in the law made by the First Step Act, and

1

Defendant's behavior and rehabilitative efforts constitute extraordinary and compelling reasons for release was filed by counsel on October 16, 2020.  Am. Mot. Compassionate Release 1.  The United States opposes Defendant's request for compassionate release.  Resp., ECF No. 107.  The Court ordered the United States to file a supplemental response addressing *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020), Jan. 8, 2021 Text Order, which it did, Suppl. Resp., ECF No. 109.  Defendant moves for leave to file a reply, which the Court GRANTS.

## DISCUSSION

### I.     Legal Standard

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances.  18 U.S.C. § 3582(b).  As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A).  "[T]he movant bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction."  *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (quotation marks omitted).

### II.    Analysis

Defendant argues that "the dire COVID-19 conditions and death rate at FCI Milan, the changes to his sentencing structure made by the First Step Act, combined with his exemplary prison conduct and the circumstances created by the current pandemic, warrant the exercise of

2

this Court's discretion in considering his release." Am. Mot. Compassionate Release 2. The United States argues that Defendant's request should be denied because "neither the fear of contracting a disease nor any other reason proffered by . . . [D]efendant are an 'extraordinary and compelling reason' warranting a sentence reduction" and "the Section 3553(a) factors do not warrant a sentence reduction." Resp. 1.[1] It argues that the Sentencing Commission's policy statement remains "persuasive guidance" even after *Gunn*. Suppl. Resp. 7.

### a. Change in the Law

In his Amended Motion for Compassionate Release, Defendant primarily argues that changes in the law he was sentenced under are factors relevant to the Court's § 3553(a) analysis. Am. Mot. Compassionate Release 26–27. He also briefly mentions that it may be considered in combination with other factors in the extraordinary and compelling reasons analysis. *Id.* at 1, 23. But in his pro se motion, Defendant specifically argued that the change in law constitutes an extraordinary and compelling reason for relief itself. Mot. Compassionate Release 2–4. Out of an abundance of caution, the Court will address this argument.

Defendant was subject to a twenty-year mandatory minimum because he had a prior conviction for a felony drug offense. *See* 21 U.S.C. § 841(b)(1)(A) (effective Aug. 3, 2010 to Dec. 20, 2018). The First Step Act amended § 841(b)(1)(A) by decreasing the mandatory minimum to fifteen years and changing the prior conviction requirement to a prior conviction "for a serious drug felony or serious violent felony." First Step Act of 2018, § 401(a)(2)(i), Pub. L. 115-391, 132 Stat. 5194, 5220. It also amended 21 U.S.C. § 802 to include definitions of serious drug felony and serious violent felony. First Step Act of 2018, § 401(a)(1). Serious drug

---

[1] By failing to address exhaustion, the United States has waived the defense and the Court need not address it. *See Gunn*, 980 F.3d at 1179 ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it." (citation omitted)).

felony means an offense described by 18 U.S.C. § 924(e)(2) for which the offender served more than twelve months of imprisonment and for which the offender was released from imprisonment within fifteen years of the commencement of the instant offense. First Step Act of 2018, § 402(a)(1). Defendant's prior conviction was for manufacturing methamphetamine, Information, ECF No. 39, and he was sentenced to 48 months of probation for that conviction, Final Revised Presentence Investigation Report ("PSR") ¶ 56, ECF No. 73. As he served no term of imprisonment, Defendant's 2015 conviction for manufacturing methamphetamine would not qualify as a serious drug felony and without a qualifying prior conviction, Defendant would be subject to only a ten-year mandatory minimum if sentenced today. *See* 21 U.S.C. § 841(b)(1)(A) (effective Dec. 21, 2018).

In the counseled Amended Motion for Compassionate Release, Defendant also argues that he would now be eligible for safety valve relief, which allows a court to sentence a defendant without respect to a mandatory minimum. Am. Mot. Compassionate Release 26. The First Step Act amended one element of safety valve eligibility. *See* First Step Act of 2018, § 402(a)(1)(B), 132 Stat. at 5221. A defendant is now eligible for safety valve relief—provided he meets the other requirements—if he has no more than four criminal history points (excluding one-point offenses), has no three-point offenses, and has no two-point violent offenses. *Id.* Defendant had only four criminal history points: two one-point offenses and two points added because he committed the instant offense while under a criminal justice sentence. PSR ¶¶ 53–59. So perhaps he would be eligible for safety valve relief.

Recent Seventh Circuit precedent, however, forecloses the argument that these changes in the law can be considered extraordinary and compelling reasons for release either alone or in conjunction with other factors. In *United States v. Thacker*, --- F.4th ---, 2021 WL 2979530, at

4

*1 (7th Cir. July 15, 2021), the Seventh Circuit considered whether a nonretroactive change in sentencing law—specifically, the change to 18 U.S.C. § 924(c)'s stacking provision[2]—could constitute an extraordinary and compelling reason for release.  The Seventh Circuit concluded that "[g]iven Congress's express decision to make the . . . change to § 924(c) apply only prospectively," the amendment, "whether considered alone or in connection with other facts and circumstances, cannot constitute an 'extraordinary and compelling' reason to authorize a sentencing reduction."  *Id.* at *1.  It explained that "there is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed and that a district court imposed."  *Id.* at *3; *id.* at *4 ("Rationales [like that the sentence is too long or the sentence reflects an outdated legislative choice] . . . cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law.").  Much like the amendment to § 924(c), the amendments to the safety valve statute, § 841, and § 802 apply only prospectively.  *See* First Step Act of 2018, § 401(c) (§ 841 and § 802); *id.* § 402(b) (safety valve).  The rationale of *Thacker* thus applies to this case, and the change in the law cannot constitute or contribute to an extraordinary and compelling reason for release.

    b. **COVID-19 Pandemic**

Defendant has no underlying medical conditions which are recognized as increasing his risk for serious illness from COVID-19.  *See* Am. Mot. Compassionate Release 20.  But he argues that FCI Milan "is a breeding ground for COVID-19," *id.*; that "COVID-19 infection and death in the BOP is not limited to older individuals or individuals with preexisting health

---

[2] Previously, sentences for two convictions under § 924(c), even in the same case, had to be run consecutively to each other.  *See Thacker*, 2021 WL 2979530, at *1, *2.  The First Step Act "limit[ed] the circumstances in which multiple sentences for violations of § 924(c) can be stacked."  *Id.*

conditions," *id.* at 21; and that he is unable to protect himself while in BOP custody, *see id.* at 17–20.

The Court rejects Defendant's argument that the risk of COVID-19 constitutes an extraordinary and compelling reason for release for the reasons stated in *United States v. Hedeen*, No. 4:16-cr-40051-SLD (C.D. Ill. July 14, 2020), and *United States v. Williams*, No. 2:12-cr-20011-SLD (C.D. Ill. July 13, 2020). Reiterated here briefly, the Court does not believe that the mere threat of contracting COVID-19, a circumstance applicable to all inmates—in fact, to all people, though most people outside of correctional settings are better able to practice precautions to avoid infection—should constitute an extraordinary and compelling reason for release. Instead, the Court reads the statute to require a threshold finding of extraordinary and compelling circumstances specific to each inmate. With respect to the current pandemic, a defendant needs to show more than the mere existence of COVID-19 in his institution or a potential for exposure to COVID-19.[3]

### c. Remaining Factors

Defendant also argues that his disciplinary history in the BOP and his efforts at rehabilitation together constitute extraordinary and compelling reasons for release. *See, e.g.*, Reply 21. But neither is extraordinary and compelling. As explained in *United States v. Ugbah*, --- F.4th ---, 2021 WL 3077134, at *2 (7th Cir. July 21, 2021), "[m]ost nonviolent criminals maintain good disciplinary records; that [a defendant] fits the norm is not extraordinary." And as

---

[3] The risk of COVID-19 would likely not be an extraordinary and compelling reason for release even if Defendant did have underlying health conditions that increased his risk for severe illness from COVID-19. In *United States v. Broadfield*, --- F.4th ---, 2021 WL 3076863, at *2 (7th Cir. July 21, 2021), the Seventh Circuit held that "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." Vaccines are being offered at FCI Milan, *see COVID-19 Coronavirus*, BOP, https://www.bop.gov/coronavirus/ (scroll to "COVID-19 Vaccine Implementation" and click on "Learn more about vaccinations and view individual facility stats") (last visited Aug. 6, 2021), though the Court is not aware of whether BOP has offered to vaccinate Defendant specifically.

6

Defendant acknowledges, rehabilitation alone cannot be extraordinary and compelling. *See* Reply 21 (citing 28 U.S.C. § 994(t)). If neither alone is extraordinary and compelling, the Court declines to find that they become so when considered together.

Because Defendant has not established an extraordinary and compelling reason, the Court denies Defendant's request for compassionate release.

## CONCLUSION

Accordingly, Defendant William Gramigna, III's pro se motion for compassionate release, ECF No. 102, and counseled Amended Motion for Compassionate Release, ECF No. 105, are DENIED. His Motion for Leave to File Reply, ECF No. 110, is GRANTED. The Clerk is directed to file the Reply, ECF No. 110-1, on the docket.

Entered this 6th day of August, 2021.

                                                      s/ Sara Darrow
                                                      SARA DARROW
                                      CHIEF UNITED STATES DISTRICT JUDGE